Michael K. Kennedy (Bar No. 004224)
Kenneth M. Motolenich-Salas (Bar No. 027499)
**GALLAGHER & KENNEDY, P.A.**
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
Facsimile: (602) 530-8500
E-mail: mkk@gknet.com
E-mail: ken.motolenich@gknet.com

Richard W. Smith *(pro hac vice to be filed)*
**WILEY REIN LLP**
1776 K Street NW
Washington, DC 20006
Telephone: (202) 719-7000
Facsimile: (202) 719-7049
Email: rwsmith@wileyrein.com
Attorneys for Plaintiff American Automobile Association, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| American Automobile Association, Inc. | Case No. _____ |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Lazy 8 Motel, LLC, | |
| Defendant. | |

Plaintiff American Automobile Association, Inc. ("AAA") brings this Complaint for monetary damages and injunctive and other relief against Defendant Lazy 8 Motel, LLC ("Defendant"). AAA alleges as follows:

**NATURE OF ACTION**

1. This is an action for trademark infringement, false designation of origin, and unfair competition in violation of sections 32(1) and (2) and 43(a) of the Lanham

Act, 15 U.S.C. §§ 1114(1)-(2), 1125(a) (2012), and Arizona law.  AAA seeks an injunction prohibiting Defendant from using in commerce Plaintiff's "AAA" trademarks.  In addition, and pursuant to section 35 of the Lanham Act, 15 U.S.C. § 1117 (2012), AAA seeks compensatory damages, Defendant's profits from the violations alleged, and AAA's costs and attorneys' fees incurred in bringing this action.

2. AAA has owned the relevant "AAA" trademarks (collectively, "AAA Marks") for decades and has achieved considerable name recognition and goodwill in them.

3. AAA has neither authorized nor consented to Defendant's use of the AAA Marks in commerce.  Defendant prominently displays the AAA Marks on its premises with full knowledge that AAA has not authorized it to do so.

4. Such use of the AAA Marks has caused and causes confusion among the public because consumers believe that Defendant is associated, affiliated, or connected with AAA, or that AAA has sponsored, authorized, approved, or endorsed Defendant's business or services.

5. Defendant's use of the AAA Marks also has diminished the ability of AAA's famous and distinctive AAA Marks to identify and distinguish the products and services provided under those trademarks by AAA and its affiliated local clubs.

6. Defendant thus has made unauthorized commercial use of the AAA Marks in the United States, and in Arizona, to its benefit and to the detriment of AAA and the public, in violation of the laws identified above.

**PARTIES**

7. Plaintiff AAA is a not-for-profit non-stock corporation organized and existing under the laws of the State of Connecticut.  AAA has its principal place of business in Heathrow, Florida.  AAA provides its more than 50 million members with a wide variety of automobile repair and emergency services and certification and rating of various services throughout the United States, including in Arizona.

8. Defendant Lazy 8 Motel, LLC is an Arizona limited liability company organized and existing under the laws of Arizona and maintaining its principal place of business in Tucson, Arizona.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121 (2012); 28 U.S.C. § 1331 (2006); 28 U.S.C. § 1338 (2006); and 28 U.S.C. § 1367 (2006).

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)-(c) (2006). On information and belief, Defendant is a company subject to personal jurisdiction in this district and therefore it is deemed to reside in this district. Moreover, a substantial part of the events giving rise to the claims occurred in this district. Venue is proper in this division because Defendant's principal place of business is located in Tucson, Arizona.

**FACTS ENTITLING AAA TO RELIEF**

**a. AAA's Widespread and Substantial Use of Its Registered AAA Marks**

11. For decades, AAA has used its AAA Marks widely and continuously to identify itself and its automobile club services, and to distinguish those services from services provided by others.

12. AAA has registered with the United States Patent and Trademark Office more than one hundred of its trademarks, including:

- U.S. Service Mark Registration No. 829,265, for the mark "AAA," used at least since 1916 for, among other things, AAA's "disseminating travel information and making travel arrangements" for members.
- U.S. Service Mark Registration No. 2,158,654, for the mark "AAA," used at least since 1997 to identify AAA's arrangement of discount purchases for members.

3

- U.S. Service Mark Registration No. 2,456,403, for the mark "AAA. Every Day," used at least since 2000 to identify, among other things, AAA's "arranging for discount purchases for members."
- U.S. Service Mark Registration No. 3,260,840 for the mark "AAA APPROVED," used at least since 1997, to certify that certain hotels and motels meet AAA's standards for "cleanliness, staff professionalism, promptness, courtesy, food quality, and reservation capabilities," and used at least since 2007, to certify that restaurants meet AAA's standards for "cleanliness, staff professionalism, promptness, courtesy, food quality, and reservation capabilities."

13. All of the registrations are "incontestable" under Section 15 of the Lanham Act, 15 U.S.C. § 1065 (2012), thereby constituting conclusive and independent evidence of AAA's exclusive right to use the AAA Marks in connection with those products and services.

14. Only those businesses that are part of AAA's network of affiliates and approved service providers are authorized to use or display the AAA Marks. Consequently, AAA members and the public have come to trust and believe that entities displaying the AAA Marks are affiliated with, or endorsed or approved by, AAA and that they satisfy AAA's high standards for quality and reliability.

15. AAA enjoys a tremendous amount of goodwill and name recognition as a result of its use of the AAA Marks and its extensive advertising and promotion of the AAA Marks in Arizona and throughout the United States.

16. The AAA Marks are distinctive: consumers and members of the public recognize that goods and services marketed under the AAA Marks originate, are approved or endorsed by, or are affiliated with, AAA.

17. As a result of their widespread use and recognition, the AAA Marks have become assets of substantial value and goodwill as distinguishing symbols of AAA and

the services it offers.  Indeed, the AAA Marks have become famous for the services offered by AAA, and the public has come to associate the "AAA" name with trustworthy service and advice.

### b.     Defendant's Unlawful Use of the AAA Marks

18.     Defendant owns and operates a motel at 314 East Benson Highway, Tucson, Arizona 85713.  A sign outside of the establishment, which advertises the motel, prominently displays the AAA Marks.

19.     Defendant, therefore, uses the AAA Marks in commerce without authorization from AAA to do so.

20.     Defendant's infringing use of the AAA Marks in connection with its business is likely to confuse and mislead consumers into believing that the services offered by Defendant are approved, provided, endorsed, or rated by AAA, which they are not, and into believing that Defendant's services are currently rated positively by AAA and meet AAA's high standards.

21.     Upon information and belief, Defendant has acted and used the AAA Marks with actual knowledge of AAA's longstanding and widespread use of the AAA Marks.

22.     Defendant's use of the AAA Marks has substantially harmed AAA, the AAA Marks, the goodwill associated with the AAA Marks, and the public.

### C.     Defendant's Failure to Comply with AAA's Demands

23.     Upon first becoming aware of Defendant's unauthorized use of the AAA Marks earlier this year, AAA sent a series of letters notifying Defendant that its use of the AAA Marks in connection with its business was unauthorized and violated federal and state trademark infringement laws.  The letters demanded that Defendant immediately and permanently cease and desist all use of the AAA Marks.

24.     Despite having been notified repeatedly that its continued unauthorized use of the AAA Marks constitutes actionable trademark infringement, false advertising, and

1  unfair competition, Defendant continues to use the AAA Marks in its commercial
2  activities.
3       25.   It is likely that Defendant's continued use of the AAA Marks has caused,
4  and causes, confusion among members of the public as to whether Defendant is
5  authorized, sponsored, provided or endorsed by, or affiliated with AAA.

## COUNT I:
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114(1)-(2) (2012))

9       26.   AAA repeats and realleges the allegations set forth in paragraphs 1-25
10 above.
11      27.   Defendant's use of the AAA Marks violates section 32(1) and (2) of the
12 Lanham Act, 15 U.S.C. § 1114(1)-(2) (2012), because it constitutes willful and deliberate
13 use in commerce of reproductions, counterfeits, copies, and/or colorable imitations of
14 AAA's federally registered AAA Marks in connection with the sale, offering for sale,
15 distribution, and advertising of products and services in a manner likely to cause
16 confusion, mistake and deception.
17      28.   On information and belief, Defendant's acts have been willful and
18 deliberate.
19      29.   AAA has been, and continues to be, irreparably damaged by Defendant's
20 violations of this statute, and AAA has no adequate remedy at law.  Unless this Court
21 enters an order requiring Defendant to immediately and permanently cease and desist
22 from its unlawful use of the AAA Marks, Defendant's unlawful conduct will continue to
23 cause injury to AAA and the public.

## COUNT II:
## FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
## (15 U.S.C. § 1125(a) (2012))

27
28      30.   AAA repeats and realleges the allegations set forth in paragraphs 1-29

above.

31. Defendant's use of the AAA Marks described above violates section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (2012), because it constitutes willful and deliberate use in commerce of the AAA Marks, which is likely to cause confusion, mistake and deception as to the approval, origin, or sponsorship by AAA of products and services provided by Defendant, and which accordingly constitutes unfair competition and infringement of the AAA Marks.

32. On information and belief, Defendant's acts have been willful and deliberate.

33. AAA has been, and continues to be, irreparably damaged by Defendant's violation of this statute, and AAA has no adequate remedy at law.  Unless this Court enters an order requiring Defendant to immediately and permanently cease and desist its unlawful use of the AAA Marks, the violation will continue to cause injury to AAA and the public.

## COUNT III:
## ARIZONA COMMON LAW UNFAIR COMPETITION

34. AAA repeats and realleges the allegations set forth in paragraphs 1-33 above.

35. In using the AAA Marks in the course of its business, Defendant has caused and is likely to cause confusion and misunderstanding as to the source, sponsorship, approval, and certification of its goods and services.

36. In using the AAA Marks in the course of its business, Defendant has also caused confusion and misunderstanding as to the Defendant's affiliation, connection, and association with and certification by Plaintiff.

37. Defendant's conduct has the natural and probable tendency and effect to deceive the public so as to pass off its business as an AAA-affiliated business when it is not.

38. On information and belief, Defendant's acts have been willful and deliberate.

39. AAA has been, and continues to be, irreparably damaged and harmed by Defendant's actions and has no adequate remedy at law.  Unless this Court enters an order requiring Defendant to immediately and permanently cease and desist its unlawful use of the AAA Marks, Defendant's violation will continue to cause injury to AAA and the public.

## PRAYER FOR RELIEF

In view of the foregoing, Plaintiff AAA prays for the following relief:

A. An injunction

1. requiring Defendant, its agents, servants, employees, attorneys, and any and all persons in active concert or participation with it to immediately and permanently cease and desist all use of the AAA Marks, or of any combinations of the letters "A," in any form or manner that resembles, suggests, or intimates that Defendant is approved or endorsed by, or otherwise affiliated with, AAA;

2. requiring Defendant, pursuant to section 36 of the Lanham Act, 15 U.S.C. § 1118 (2012), to destroy all literature, signs, billboards, labels, prints, packages, wrappers, containers, advertising materials, stationery, and other items in its possession or control that contain the AAA Marks or any term, symbol, or logo confusingly similar to those marks; and to destroy any and all means in its possession or control of making any of those infringing items;

3. requiring Defendant to have deleted or removed from publication any advertisements paid for or used by it containing any of the AAA Marks and any other name, mark, or logo confusingly similar to them;

|   |   |   |
|---|---|---|
| | 4. | requiring Defendant to permanently delete and destroy all electronic content, including all websites, domain names, and other electronic materials displaying the AAA Marks and any other name, mark, or logo confusingly similar to them; |
| | 5. | requiring Defendant to file with the Court and serve on AAA, within thirty (30) days after entry of an injunction, a report in writing under oath setting forth in detail the manner in which Defendant has complied with the Court's injunction and orders; and |
| B. | | Monetary damages equivalent to: |
| | 1. | AAA's damages caused by Defendant's unlawful conduct, as described above; or |
| | 2. | The profits earned by Defendant as a result of its sale of products and services using the AAA Marks or as a result of its display or advertisement of the AAA Marks; and |
| | 3. | Statutory damages in the amount of $1,000,000 per counterfeit mark per type of goods or services sold; and |
| | 4. | All state and federal statutory and common law relief available; and |
| | 5. | All costs and reasonable attorneys' fees incurred in connection with this action, plus appropriate interest thereon; and |
| | 6. | Any punitive or enhanced damages available due to Defendant's willful and deliberate conduct; and |
| C. | | Such other and further relief as the Court may deem just and proper. |

/ / /

/ / /

/ / /

/ / /

/ / /

9

Respectfully submitted this 4th of October, 2016.

        */s/Kenneth M. Motolenich-Salas*
        Michael K. Kennedy (Bar No. 004224)
        Kenneth M. Motolenich-Salas (Bar No. 027499)
        **GALLAGHER & KENNEDY, P.A.**
        2575 East Camelback Road
        Phoenix, Arizona 85016-9225
        Telephone: (602) 530-8000
        Facsimile: (602) 530-8500
        E-mail: ken.motolenich@gknet.com

        Richard W. Smith (*pro hac vice* to be filed)
        **WILEY REIN LLP**
        1776 K Street NW
        Washington, DC 20006
        Telephone: (202) 719-7000
        Facsimile: (202) 719-7049
        Email: rwsmith@wileyrein.com

        Attorneys for Plaintiff American Automobile
        Association, Inc.